EL PUEBLO, DEMANDANTE Y APELADO, *v.* ECHAVARRÍA, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Guayama en causa por libelo infamatorio.

No. 1653.—Resuelto en marzo 15, 1921.

LIBELO—DENUNCIA DEFECTUOSA.—Una denuncia por libelo en que no se transcriben las palabras libelosas es fatalmente defectuosa, pues aunque no es necesario transcribir toda la publicación la corte necesita tener ante sí en la denuncia las palabras que se alega son libelosas para poder resolver si lo son o no.

Id.—Id.—El aseverar por medio de la prensa que un funcionario de policía fué
a una panadería y tomó pan sin pagarlo valiéndose de su carácter oficial,
no constituye libelo en ausencia de un *innuendo* indicativo de que el policía
era culpable de hurto u otro delito contra la propiedad, pues tal acto es uno
de los que la policía puede en ocasiones realizar en cumplimiento de un
deber legal.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. B. Fernández, C. Domín-
guez y L. Capó.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

La denuncia formulada en este caso es como sigue:

"Yo Felipe Blanco, Jefe de Distrito, P. I., vecino de Guayama,
P. R., calle Palmer No. 30, de 42 años, formulo denuncia contra Moisés
Echavarría por el delito de libelo infamatorio, cometido de la manera
siguiente: Que en 26 de julio de 1919 y en la ciudad de Guayama,
P. R., el acusado Moisés Echavarría, como director del periódico 'Alba
Roja' que se edita en Ponce, Puerto Rico, voluntaria y maliciosamente
publicó en el número 49 del segundo año, de dicho periódico corres-
pondiente a la fecha arriba indicada, el cual circuló en Guayama,
P. R., un artículo bajo el epígrafe 'Maremagnum' tendente a impugnar
la honradez e integridad del cabo de policía insular Víctor Fuentes, el
cual reside en Guayama, P. R., imputándole hechos deshonrosos tales
como el presentarse en las panaderías de esta ciudad a tomar pan sin
pagarlo, valiéndose para tal de su carácter como funcionario público."

Dicha denuncia es faltalmente defectuosa toda vez que en
ella no se transcriben las palabras libelosas. La corte debe
resolver si las palabras alegadas son libelosas y por tanto,
dichas palabras deben expresarse en la denuncia. 25 Cyc.
577; 17 R. C. L. 465; *Newell on Libel and Slander,* 1163,
1165. En el caso de *El Pueblo* v. *Mallens,* 27 D. P. R. 406,
meramente se resuelve que de determinada publicación úni-
camente es necesario expresar la parte libelosa.

Sin ningún otro *innuendo* puede dudarse si decir que un
funcionario de la policía que va a una panadería y toma pan
sin pagarlo valiéndose de su carácter oficial constituye una

exposición de un libelo por parte del acusado. *Non constat* que el policía tomó debidamente el pan en cumplimiento de un deber oficial. Si el alegado libelo quiso indicar que el policía era culpable de un hurto de menor cuantía o algo parecido, tal *innuendo* debió haber sido hecho. El apelante dice que la denuncia debía haber expresado que el funcionario de la policía estaba de servicio en Guayama, pero creemos que este hecho puede deducirse de la denuncia a falta de una objeción más específica formulada en la corte inferior.

Y no era necesario tampoco que la denuncia expresara que el acusado hizo que el periódico publicado en Ponce circulara en Guayama. No dejaba de ser menos libelo por el hecho de que circulara o no el periódico en Guayama. Además, puede dudarse si el acusado no puso esa fuerza en acción que tuvo lugar en Guayama y que era la consecuencia natural y probable del acto suyo. 16 C. J. 73, 81. Véase por paridad de razonamiento el caso *In re Palliser,* 136 U. S. 257.

Las palabras se pronunciaron respecto a un jefe de policía en Guayama y la prueba tendía a demostrar que el denunciante era el único jefe en Guayama en esa fecha. Algo como esto debió haber aparecido de la denuncia. El acusado excepcionó específicamente la denuncia porque no contenía ningún *"inducement", "colloquium"* o *"innuendo".*

Debe revocarse la sentencia apelada y absolverse al acusado.

> *Revocada la sentencia apelada y absuelto el acusado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.